Nathaniel JOHNS, Petitioner–
Appellant,

v.

David R. McKUNE, Warden, Lansing
Correctional Facility; State of Kan-
sas; Derek Schmidt, Attorney General
of the State of Kansas, Respondents–
Appellees.

No. 13–3289.

United States Court of Appeals,
Tenth Circuit.

May 28, 2014.

Nathaniel Johns, Lansing, KS, pro se.

Kristafer R. Ailslieger, Office of the At-
torney General for the State of Kansas,
Topeka, KS, for Respondents–Appellees.

Before HARTZ, McKAY and
MATHESON, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY *

MONROE G. McKAY, Circuit Judge.

This is a *pro se* § 2254 proceeding. Ap-
pellant Nathaniel Johns is incarcerated at
the state correctional facility in Lansing,
Kansas. In 1984, Appellant was convicted
of felony murder, aggravated robbery, and
other related charges in a Kansas state
court. The state court sentenced him to
"life, plus" in prison. The Kansas state
court's judgment in Appellant's case was
affirmed by the Kansas Supreme Court in
1985. Appellant filed post-conviction mo-
tions in state court in 2003 and 2009, both
of which were denied. Appellant had no
success appealing those adverse decisions.

In 2012, Appellant filed the § 2254 habe-
as application underlying this proceeding
in the U.S. District Court for the District
of Kansas. The district court *sua sponte*
challenged the petition as untimely. Ap-
pellant filed a response. The district court
was not convinced, however, and dismissed
the petition as time barred. The district
court denied a certificate of appealability.
This appeal followed.

Appellant has renewed his request for a
COA in this court. Because no reasonable
jurist would debate the correctness of the
trial court's reasons for dismissing the
case, we **DENY** Petitioner's request for a
certificate of appealability and **DISMISS**
this appeal.

---

* This order is not binding precedent except
under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consis-
tent with Fed. R.App. P. 32.1 and 10th Cir. R.
32.1.